**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM F. KAETZ, *Plaintiff*, v. UNITED STATES OF AMERICA, *et al.*, *Defendants*. | Civil Action No. 2:23-cv-02772 **OPINION** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff William F. Kaetz seeks to bring this matter *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. Plaintiff also filed a motion for summary judgment. D.E. 3. For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* but **DISMISSES** the matter pursuant to 28 U.S.C. § 1915(e)(2)(B) and **ADMINISTRATIVELY TERMINATES** the motion for summary judgment.

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). To survive a Rule 12(b)(6) motion to dismiss, a complaint

must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789. In other words, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted).

Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and applies a less stringent standard than for papers filed by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court need not adhere to a *pro se* plaintiff's "bald assertions" or "legal conclusion." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

By way of background, Plaintiff pled guilty to one count of publicizing restricted information (a judge's home address) under 18 U.S.C §§ 119(a)(1) and (a)(2) in the Western District of Pennsylvania. On August 2, 2021, Plaintiff was sentenced to 16 months in prison and three years of supervised release, including six-months home detention. *See Kaetz v. United States*, No. 22-1286, 2022 WL 1486775, at *1 (3d Cir. May 11, 2022). Kaetz was released from prison on December 6, 2021 and began serving his period of supervised release. *Id.* at *1. On

May 11, 2023, Defendants Joseph McCormick and Nick Capaccio--United States Probation Officers--recommended that the sentencing Judge include a special condition to Kaetz's conditions and terms of supervision. *See* Compl., Ex. A at 3-4. The condition included that, during the remaining probationary period, Kaetz submit to inspections of his computer equipment. *Id*. Probation made this recommendation because after his release from prison, Kaetz filed several motions against judicial officers, attorneys, and credit bureaus. *Id.* at 4. Probation maintained that given Kaetz's criminal history, his lawsuits and antisocial attitude could put others in danger. *Id.*

In this matter, Plaintiff asserts five claims against the United States and four United States Probation Officers. These claims are as follows: "Charge 1 – First Amendment Retaliation Offense," "Charge 2 – Fraud," "Charge 3 – Fraud on the Court," "Charge 4 – Misconduct," and "Charge 5 – Tort Injuries." Compl. at 15-16. Each claim pertains to Defendants' alleged interference and retaliation because Plaintiff has been filing lawsuits. Plaintiff alleges that this amounts to retaliation for exercising his First Amendment right to petition. *See* Compl. at 4. Because Plaintiff alleges First Amendment violations, the Court interprets his claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) – commonly referred to as a *Bivens* claim.

A Section 1983 claim "allege[s] a violation of a right secured by the Constitution or laws of the United States committed by a person acting under the color of state law," generally as state officials. *Mikhaeil v. Santos*, 646 F. App'x 158, 161-62 (3d Cir. 2016) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Thus, if a plaintiff pleads a Section 1983 claim against a federal employee, and not a state or local official, the claim is deficient. *Okwuego v. Correia*, No. 22-03635, 2022 WL 3691480 at *3 (D.N.J. Aug. 25, 2022). Consequently, Section 1983 is an improper avenue for relief in this instance because Defendants are federal employees, not state actors.

A *Bivens* claim is a "private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (citing *Bivens*, 403 U.S. at 397). The Supreme Court, however, has only recognized three scenarios in which a *Bivens* claim may apply: an unconstitutional search and seizure under the Fourth Amendment, *Bivens,* 403 U.S. at 389; a Fifth Amendment due process clause violation, *Davis v. Passman*, 442 U.S. 228 (1979); and a violation of Eighth Amendment's prohibition against cruel and unusual punishment, *Carlson v. Green*, 446 U.S. 14 (1980). Since *Carlson*, the Supreme Court has been reluctant to increase the scope of *Bivens*.

Recently, the Supreme Court stated that "in all but the most unusual circumstances, prescribing a cause of action is a job for Congress, not the courts." *Egbert v. Boule*, 142 S. Ct. 1793, 1800 (2022). In fact, in *Egbert*, the Court rejected an attempt to extend *Bivens* for claims alleging First Amendment retaliation. The Supreme Court explained that *Bivens* claims alleging First Amendment retaliation "pose an acute risk" because "[a] plaintiff can turn practically any adverse action into grounds for a retaliation claim." *Id.* at 1807. Given the Supreme Court's clear guidance, this Court cannot expand *Bivens* to encompass a First Amendment retaliation claim. Consequently, as Plaintiff has already been instructed, his "First Amendment retaliation claim[s] for damages under [*Bivens*] [are] not cognizable." *Kaetz v. Wolfson*, No. 22-1456, 2022 WL 4115505, at *2 (3d Cir. Sep. 9, 2022). Plaintiff, therefore, fails to state a claim and his Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff fails to state a cognizable claim, Plaintiff is not entitled to summary judgment, or any other form of relief.

Finally, when dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court

4

may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). In most cases, this Court will provide a *pro se* plaintiff with leave to file an amended complaint. But here, Plaintiff has already been instructed that his claims are not cognizable. *See Kaetz v. Wolfson*, 2022 WL 4115505, at *2. Accordingly, Plaintiff's claims are futile, and his Complaint is dismissed with prejudice.

For the reasons stated above, Plaintiff William F. Kaetz's application to proceed *in forma pauperis* is **GRANTED** but his Complaint is **DISMISSED with prejudice.** In addition, Plaintiff's motion for summary judgment, D.E. 3, is **ADMINISTRATIVELY TERMINATED**. An appropriate Order accompanies this Opinion.

Dated: June 28, 2023

                                                John Michael Vazquez, U.S.D.J.