**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM F. KAETZ, *Plaintiff*, v. UNITED STATES OF AMERICA, *et al.*, *Defendants*. | Civil Action No. 2:23-cv-02772  **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

On June 28, 2023, this Court granted *pro se* Plaintiff William F. Kaetz's application to proceed *in forma pauperis* but dismissed his complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court also terminated Plaintiff's motion for summary judgment. D.E. 5 (the "Order"). Plaintiff's motion to vacate the Order is presently before the Court. D.E. 6. The Court reviewed Plaintiff's submission and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Plaintiff's motion is **DENIED**.

Plaintiff seeks to vacate the Order pursuant to Federal Rules of Civil Procedure 60(b)(1), (b)(3), and (d)(3). Plf. Br. at 6. Through Rule 60(b), "the court may relieve a party . . . from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). The rule "allows a party to seek relief from a final judgment and request the reopening of his case, under a limited set of circumstances including fraud, mistake, newly discovered evidence, or any reason justifying relief." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). But "Rule 60(b) motions are viewed as 'extraordinary relief which should be granted only where extraordinary justifying circumstances

are present.'" *Kiburz v. Sec'y, U.S. Dep't of the Navy*, 446 F. App'x 434, 436 (3d Cir. 2011) (quoting *Bohus v. Beloff*, 950 F.2d 919, 929 (3d Cir. 1991)).

Rule 60(b)(3) permits a district court to relieve a party from a final judgment for "fraud . . . , misrepresentation, or misconduct by the opposing party." Fed. R. Civ. P. 60(b)(3). To prevail under Rule 60(b)(3), the movant must "establish, by clear and convincing evidence, that [the adverse party] engaged in fraud or other misconduct, and that this misconduct prevented [the moving parties] from fully and fairly presenting their case." *Heriveaux v. Durkin & Durkin, LLC*, 841 F. App'x 501, 504 (3d Cir. 2021) (internal citations omitted). In this instance, Plaintiff seeks to vacate the Order due to alleged fraud by this Court rather than an opposing party. *See* Plf. Br. at 6-9. Accordingly, Rule 60(b)(3) is inapplicable.

Rule 60(b)(1) permits a court to relieve a party from final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Mistake includes errors by a judge. *Kemp v. United States*, --- U.S. ---, 142 S. Ct. 1856, 1862 (2022). But a Rule 60(b) motion "may not be used as a substitute for appeal, and [] legal error, without more cannot justify granting a Rule 60(b) motion." *Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010) (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)). Although Plaintiff argues that this Court committed fraud, the substance of Plaintiff's arguments is that the Court purportedly committed numerous legal errors in screening Plaintiff's Complaint pursuant to 28 U.S.C. § 1915.[1] As a result, Plaintiff

---

[1] Plaintiff largely takes issue with the fact that the Court screened his Complaint pursuant to Section 1915 because he is not a prisoner. *See* Plf. Br. at 6. But "the provisions of § 1915(e) apply to all *in forma pauperis* complaints, not simply those filed by prisoners." *Atamian v. Burns*, 236 F. App'x 753, 755 (3d Cir. 2007); *see also Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."); *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275 (6th Cir. 1997) ("We conclude that § 1915 permits individuals who are not incarcerated to continue to proceed as paupers in federal court.").

is not entitled to relief under Rule 60(b)(1). *See, e.g., Nellom v. Ambrose*, No. 23-1388, 2023 WL 3380622, at *1 n.1 (3d Cir. 2023) ("To the extent Nellom's motion for reconsideration and this appeal were based on mere dissatisfaction with the District Court's judgment, he is not entitled to relief under Rule 60(b).").

Finally, Rule 60(d)(3) provides that Rule 60 "does not limit a court's power to . . . set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). "A court may set aside a judgment based upon its finding of fraud on the court when an officer of the court has engaged in 'egregious misconduct.'" *In re Bressman*, 874 F.3d 142, 150 (3d Cir. 2017) (quoting *Herring v. United States*, 424 F.3d 384, 390 (3d Cir. 2005)). Such a finding "'must be supported by clear, unequivocal and convincing evidence' of 'an intentional fraud.'" *Id.* (quoting *Herring*, 424 F.3d at 390) (internal punctuation omitted). Again, Plaintiff's alleged fraud amounts to perceived legal errors. Plaintiff does not identify any egregious misconduct. Rule 60(d)(3), therefore, is also inapplicable.

In sum, Plaintiff provides no legal basis to vacate the Order.

As a result, for the reasons set forth above, and for good cause shown,

IT IS on this 8th day of August, 2023,

**ORDERED** that Plaintiff's motion to vacate (D.E. 6) is **DENIED**; and it is further

**ORDERED** that the Clerk's Office is directed to mail a copy of this Opinion & Order to Plaintiff.

_____
John Michael Vazquez, U.S.D.J.